IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES EDWARD FRACTION, JR., Petitioner, v. UNITED STATES OF AMERICA, Respondent. | HONORABLE WILLIAM J. MARTINI<br><br>Civil Action<br>No. 17-8527 (WJM)<br><br>**OPINION** |

**MARTINI, United States District Judge:**

**I.    INTRODUCTION**

Presently before the Court is *pro se* Petitioner James Edward Fraction, Jr.'s motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence imposed on him by this Court on July 24, 1996 (Petitioner's "§ 2255 Motion"). (ECF No. 1.) For the reasons stated herein, the Court will deny Petitioner's § 2255 Motion and will not issue a certificate of appealability.

**II.    BACKGROUND**

**i.    Petitioner's Underlying Criminal Proceedings**

On July 16, 1996, at the conclusion of roughly five days of trial proceedings before the Honorable Alfred M. Wolin, U.S.D.J., a jury convicted Petitioner of carjacking, in violation of 18 U.S.C. § 2119, and kidnapping, in violation of 18 U.S.C. § 1201(a). (*See* Gov't's Oct. 15, 2018 Opp. Br., ECF No. 12 at PageID: 63.) The Government thereafter requested that the Court sentence Petitioner to life imprisonment because: (1) he qualified as a career criminal offender under United States Sentencing Guideline ("USSG") § 4B1.1; and, alternatively, (2) Petitioner's carjacking and kidnapping convictions were each "a third strike under the Federal three-strikes law, [18 U.S.C. § 3559(c).]" (*See* July 24, 1996 Hr'g Tr. 44-46; *accord* July 24, 1996 Crim. J.,

available at 1996 WL 33451708.) At the time of Petitioner's conviction and sentence, the federal three-strikes law provided, in relevant part, that "a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if . . . the person has been convicted . . . on separate prior occasions [in state or federal court of] 2 or more serious violent felonies[.]" 18 U.S.C. § 3559(c)(1)(A)(i).

On July 24, 1996, Judge Wolin sentenced Petitioner to "life imprisonment for the full extent of his natural life" on his conviction for kidnapping only; Judge Wolin imposed a concurrent 180-month sentence for Petitioner's separate carjacking conviction. (*See* Hr'g Tr. 55; *accord* July 24, 1996 Crim. J.) During sentencing, Judge Wolin expressly stated that Petitioner's life sentence for kidnapping was being imposed pursuant to the three-strikes law, and not because Petitioner qualified as a career criminal offender under USSG § 4B1.1. (*See* Hr'g Tr. 55 ("for the record, I am sentencing under 3559(c)").) The two prior "serious violent felonies" the Court relied on to invoke § 3559(c) were Petitioner's 1979 conviction for armed robbery and his 1982 conviction for aggravated sexual assault. (*Id.* at 12-13, 45-46, 51.)

On direct appeal, Petitioner challenged, *inter alia*, the Court's imposition of a life sentence under the three-strikes law. (*See* Pet'r's Appeal Br., available at 2016 WL 33451708.) On February 26, 1997, the Third Circuit summarily affirmed Petitioner's conviction and sentence. *United States v. Fraction*, 107 F.3d 863 (3d Cir. 1997) (table). The United States Supreme Court denied certiorari on October 6, 1997. *Fraction v. United States*, 522 U.S. 832 (1997).

### ii. The United States Supreme Court's 2015 *Johnson* Decision

On June 26, 2015, the United States Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* concerns the Armed Career Criminal Act ("ACCA"), which imposes an increased prison term upon a defendant with three prior "violent felony"

convictions. *See* 18 U.S.C. § 924(e)(1). At the time *Johnson* was issued, a qualifying "violent felony" under ACCA's so-called residual clause included any felony that "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." *Johnson* at 2555-56 (citing 18 U.S.C. § 924(e)(2)(B)). The *Johnson* Court held that this language was unconstitutionally vague and, thus, that "[i]ncreasing a defendant's sentence under [that] clause denies due process of law." *Id.* at 2557. On April 18, 2016, the Supreme Court ruled that *Johnson* is retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

### iii. Petitioner's Present Habeas Claims

Shortly after the Court announced that *Johnson* had retroactive effect, on or about June 16, 2016, Petitioner filed his present § 2255 Motion collaterally attacking his 1996 federal conviction and sentence.[1] (ECF No. 1.) Petitioner's § 2255 Motion advances the following arguments:

> Ground One: Counsel rendered ineffective assistance . . . to [Petitioner] . . . by failing to object to vague "attempts" clause of charged offense [for] carjacking under 18 U.S.C. § 2119 and [this] caused [Petitioner] to be denied notice and fair[] ability to defend himself contrary to *Johnson v. United States*, 135 S. Ct. 2251 (2015)
> . . . .
>
> Ground Two: Counsel rendered ineffective assistance . . . to [Petitioner] . . . by failing to object to vague so-called residual clause [of charged offense for carjacking under 18 U.S.C. § 2119, and this] caused [Petitioner] to be denied notice and fair ability to defend himself contrary to *Johnson v. United States*, 135 S. Ct. 2251 (2015)
> . . . .
>
> Ground Three: Counsel rendered ineffective assistance . . . by failing to object to [Petitioner's] non-qualifying and vague U.S. Sentencing

---

[1] Petitioner initially moved before the Third Circuit for permission to file his § 2255 Motion based on his mistaken belief that it represented a second or successive § 2255 motion. (*See* ECF No. 1 at PageID: 1.) On October 16, 2017, the Third Circuit denied that application as unnecessary because "this is [Petitioner's] first § 2255 motion attacking the judgment of sentence entered by [Judge Wolin in July 1996]." (*See* ECF No. 1-1 at PageID: 32.) The Third Circuit accordingly transferred Petitioner's § 2255 Motion to this Court with the directive that it "proceed as if it had been initiated in the District Court on or before June 16, 2016." (*Id.*)

3

> Guidelines enhancements . . . contrary to *Johnson v. United States*, 135 S. Ct. 2251 (2015) . . . .
>
> Ground Four: Counsel rendered ineffective assistance . . . by failing to object to [Petitioner's] designation as a career offender, U.S.S.G. § 4B1.1 . . . . contrary to *Johnson v. United States*, 135 S. Ct. 2251 (2015). . . . [and by not seeking an expert] to testify to Petitioner's age of 23 at the time of his prior New Jersey State Court felony convictions for aggravated sexual assault . . . as a mitigating factor .
> . . .

(*Id.* at PageID: 4-9.)

As the foregoing makes clear, in all four grounds of his § 2255 Motion, Petitioner claims that his attorney, Michael Sullivan, provided ineffective assistance in 1996 as a result of the legal rulings announced by the United States Supreme Court in its 2015 *Johnson* decision. The Government filed opposition to Petitioner's § 2255 Motion on October 15, 2018. (ECF No. 12.) Petitioner has not submitted a reply.

### III. STANDARD OF REVIEW

Section 2255 provides, in relevant part, that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Petitioner bears the burden of proving his entitlement to relief under 28 U.S.C. § 2255. *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). In that regard, Petitioner must, as a general rule, show that his conviction is illegal, *United States v. Hollis*, 569 F.2d 199, 206 (3d Cir. 1977), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982); *accord United States v. Travillion*, 759 F.3d 281, 288 (3d Cir.

2014) (as a collateral challenge, a motion pursuant to § 2255 is reviewed much less favorably then a direct appeal of the sentence).

A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to relief.

## IV. ANALYSIS

As noted above, all four grounds of Petitioner's § 2255 Motion seek relief based on Petitioner's claim that his trial counsel, Michael Sullivan, rendered ineffective assistance during his 1996 trial proceedings. In Grounds One and Two, Petitioner claims that Mr. Sullivan was ineffective because he failed to object to purportedly vague language in the carjacking statute that Petitioner was charged and convicted under, 18 U.S.C. § 2119; in Grounds Three and Four, Petitioner claims that counsel failed to properly object to certain information purportedly relied on by the Court to designate Petitioner as a career offender under USSG § 4B1.1 and to calculate his USSG offense level as 37. There are numerous issues which preclude the Court from awarding habeas relief to Petitioner based on these claims.

### i. Petitioner's § 2255 Motion is Untimely

Collateral motions for relief under § 2255 are subject to a one-year statute of limitations and must be filed within one-year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's § 2255 Motion is untimely under this standard. Again, Petitioner filed his § 2255 Motion on June 16, 2016, nearly nineteen years after the Supreme Court denied certification of his direct appeal on October 6, 1997. Petitioner's § 2255 Motion was therefore not filed within one year from "the date on which [his] judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1); *see also* 28 U.S.C. § 2244(d)(1)(A). Petitioner likewise fails to suggest – and the Court is unable to independently conclude – that Petitioner's motion is timely under § 2255(f)(2) or (4). Instead, Petitioner, in expressly referencing *Johnson* in all four of his habeas grounds, appears to implicitly argue that his habeas motion is timely under § 2255(f)(3) because it was filed within one year of the United States Supreme Court's June 26, 2015 issuance of its *Johnson* opinion. Indeed, but-for Petitioner's conclusory reference to *Johnson*, his § 2255 Motion would seem to be untimely on its face.

The Court, after reviewing the substantive arguments advanced in Petitioner's § 2255 Motion, is unable to fathom how "the right . . . initially recognized by the Supreme Court" in *Johnson* has any applicability, whatsoever, to Petitioner's claim that his attorney, Michael Sullivan, provided constitutionally deficient representation to Petitioner during his 1996 criminal proceedings. Petitioner, for his part, has not presented any legal authority which supports this seemingly untenable legal position. Moreover, to the extent Petitioner is arguing that counsel was ineffective for failing to predict the rule of law *Johnson* announced nearly twenty years *after*

6

Petitioner's conviction became final, that claim fails as matter of law. Indeed, counsel's failure to predict a change in the law is not deficient performance. *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015) (citing *Sistrunk v. Vaughn*, 96 F.3d 666, 672 (3d Cir. 1996)). Stated another way, "counsel cannot be deemed ineffective for failing to comply with legal precedent—namely, [*Johnson*]—that was not in effect at the time of representation." *United States v. Rivera*, Crim. No. 10-3, 2018 WL 1693437, at *6 (E.D. Pa. Apr. 5, 2018).

In any event, because none of Petitioner's ineffective assistance of counsel claims have any substantive relationship to the rule of law announced in *Johnson*, Petitioner's § 2255 Motion is also untimely under 28 U.S.C. § 2255(f)(3).[2] *See Morin v. United States*, No. A-11-CR-360(2)-SS, 2016 WL 5853782, at *2 (W.D. Tex. Sept. 23, 2016) (concluding that "the ineffective assistance of counsel claim raised by [a § 2255 petitioner who also claimed entitlement to relief under *Johnson* did not] concern a constitutional right recognized by the Supreme Court within the last year" and thus, that his "ability to raise an ineffective assistance of counsel claim through a § 2255 motion is governed by subsection (1) of § 2255(f)."); *accord Stanley v. United States*, 827 F.3d 562, 566 (7th Cir. 2016) ("contention [that] is unrelated to *Johnson* . . . does not authorize a belated collateral attack.").

### ii. Petitioner Has Not Otherwise Demonstrated That His Counsel Was Ineffective

Claims of ineffective assistance are governed by the two-prong test set announced in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the

---

[2] Because Petitioner's ineffective assistance of counsel claims also fail on the merits, the Court will not afford Petitioner the opportunity to demonstrate why his untimely-filed § 2255 Motion is subject to equitable tolling.

Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). A petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299. ). To satisfy *Strickland's* second prong, a petitioner must demonstrate that "there is a reasonable probability, [that] but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). A petitioner's "failure to satisfy either prong defeats an ineffective assistance claim." *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

Petitioner's § 2255 Motion fails under *Strickland*. Again, in each of the four grounds raised in his § 2255 Motion, Petitioner avers that Mr. Sullivan was ineffective for not raising arguments during Petitioner's 1996 criminal proceedings pursuant to a rule of law announced by the United States Supreme Court in its 2015 *Johnson* decision. As noted above, counsel's failure to predict this change in the law is not deficient performance. *Doe*, 810 F.3d at 154. Petitioner's specific Ground One and Ground Two claims that Mr. Sullivan improperly failed to object to allegedly vague language in the carjacking statute that Petitioner was charged and convicted under, 18 U.S.C. § 2119, additionally fail because relevant case law in 1996 held that the language in § 2119 was not "impermissibly vague." *See United States v. Watson*, 815 F. Supp. 827 (M.D. Pa. 1993), *aff'd*, 26 F.3d 124 (3d. Cir. 1994), *cert. denied sub nom., Watson v. United States*, 513 U.S. 939

8

(1994). In short, Petitioner has not presented any reason which plausibly suggests that Mr. Sullivan's representation of him was deficient. Furthermore, there is nothing presented in Petitioner's § 2255 Motion which affirmatively demonstrates that Mr. Sullivan's actions prejudiced his defense. *Strickland* at 692-93.

### iii. The Concurrent Sentence Doctrine Renders Petitioner's Habeas Claims Futile

Under the concurrent sentence doctrine, a court has "discretion [when reviewing § 2255 habeas claims] to avoid resolution of legal issues affecting less than all counts in an indictment if at least one will survive and sentences on all counts are concurrent." *Parkin v. United States*, 565 F. App'x 149, 153 (3d Cir. 2014) (*citing, inter alia, United States v. McKie*, 112 F.3d 626, 628 n. 4 (3d Cir. 1997)). Stated somewhat differently, because "the defendant remains sentenced in any event, reviewing the concurrently sentenced counts is of no utility." *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir.1986) (citations omitted).

The concurrent sentence doctrine provides an additional basis to deny habeas relief to Petitioner. As noted above, in Grounds One and Two of his habeas motion, Petitioner challenges the validity of his conviction for carjacking; in Grounds Three and Four, he challenges his career offender designation and offense level calculation under the United States Sentencing Guidelines. Petitioner's § 2255 Motion, however, neither challenges the validity of his separate kidnapping conviction nor the resulting life sentence Judge Wolin imposed for that conviction pursuant to the federal three strikes rule.

Accordingly, even assuming that the Court found that Petitioner's § 2255 Motion was timely-filed *and* found that Petitioner's counsel, Michael Sullivan, was ineffective for failing to appropriately challenge Petitioner's carjacking conviction *and* for not objecting to the Court's allegedly-improper Guidelines' calculations, Petitioner would still remain imprisoned for life

9

under the three strikes rule for his separate kidnapping conviction. This consideration further supports the Court's denial of habeas relief Petitioner. *See McKie*, 112 F.3d at 628; *Jones*, 805 F.2d at 1128 n. 4 (habeas challenge which would affect only one of two concurrent counts need not be reached under concurrent sentence doctrine: "the concurrent sentence doctrine . . . may appropriately be applied when the alleged error is associated only with counts for which concurrent sentences are imposed and the other sentences are unassailable.").

For the reasons detailed above, none of the four grounds presented in Petitioner's § 2255 Motion provide a basis for this Court to award him habeas relief. As such, Petitioner's § 2255 Motion will be denied in its entirety.

### iv. Certificate of Appealability

A petitioner may not appeal from a final habeas order unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has not satisfied the foregoing standard and the Court therefore denies him a certificate of appealability.

## V. CONCLUSION

For the reasons set forth above, Petitioner's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 is denied and no certificate of appealability will be issued. An accompanying Order embodying these rulings follows.

| 4/22/19 | s/William J. Martini |
|---|---|
| Date | WILLIAM J. MARTINI<br>U.S. District Judge |